UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ALISA DANILEY,

                    Plaintiff,

      -against-

PREFERRED GROUP LLC DBA CARR WORKPLACES,

                    Defendant.
-------------------------------------------------------------------------X

**COMPLAINT**

<u>Jury Trial Demanded</u>

Plaintiff ALISA DANILEY, by and through her attorney, LAW OFFICE OF MATTHEW S. PORGES, complaining of the Defendants herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. This is a civil action based upon Defendants' violations of the Americans with Disabilities Act of 1990, as amended, including the 2008 amendments; New York Executive Law §292 *et seq.*; New York City Administrative Code §8-107 *et seq.*; and all other applicable federal, state and local laws and regulations, that can be inferred from the facts set for the herein.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1343(3), 28 U.S.C. § 1343(4). The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state and local law causes of action.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

1

4. The jurisdictional prerequisites to this lawsuit have been completed. Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") on October 11, 2017.

5. The EEOC issued Plaintiff a Right to Sue letter dated October 25, 2018. A copy of that Right to Sue letter is attached hereto as Exhibit A.

**PARTIES**

6. Plaintiff ALISA DANILEY ("Jasper") was, at all relevant times, a resident of Queens County, City and State and New York. At all relevant times, Daniley was an employee of Defendant Preferred Group LLC d/b/a Carr Workplaces.

7. Defendant PREFERRED GROUP LLC DBA CARR WORKPLACES ("Carr") is a foreign (District of Columbia) limited liability company doing business within the State of New York. Carr has a principal place of business at 1455 Pennsylvania Avenue, NW, Suite 800, Washington, DC 20004.

**BACKROUND FACTS**

8. Plaintiff Alisa Daniley commenced her employment with Defendant Preferred Group LLC d/b/a Carr Workplaces on or about December 31, 2012. Daniley was originally hired as a Client Services Associate.

9. Daniley worked at Carr's facility located at 200 Park Ave #1700, New York, NY 10166.

10. Daniley was promoted to the title of Community Manager 4 in or about January 2016.

11. Throughout her employment with Carr, Daniley's work performance was satisfactory or better.

2

12. Daniley's job responsibilities included, but were not limited, managing a large shared workspace, serving the needs of existing customers, cleaning the workspace, promoting the company at networking events, ordering office supplies, managing the expense budget, analyzing financial data relating to the business, and providing information and tours to prospective renters.

## FACTS

13. Daniley suffered an on-the-job injury on July 27, 2017. Daniley was standing on an escalator in the building at 200 Park Avenue, New York, New York. The escalator was traveling downward when the escalator suddenly jerked and caused Daniley to lose her balance and fall down the escalator steps. She was taken to the emergency room after suffering the injury.

14. The emergency room doctor recommended that Daniley miss work on July 28, 2017, which was a Friday. Daniley did not work on weekends.

15. Daniley was diagnosed with a left knee contusion. This left knee contusion, at a minimum, substantially limited and continues to limit Daniley's musculoskeletal functioning. In addition, the left knee contusion, at a minimum, substantially limited and continues to limit Daniley's major life activities of, at least, walking, standing, bending, and lifting.

16. Daniley informed Operations Manager Sean Flynn of her injury, by text message, at approximately 5 a.m. on July 28, 2017, while Daniley was still in the emergency room.

17. After the injury, Daniley returned to work on July 31, 2017 with a knee brace and crutches. On that same day, Daniley informed her General Manager Gregg de los Reyes about her injury and left knee contusion.

18. Daniley worked August 1 and then August 3 and 4 with a knee brace and crutches. August 2 was a previously scheduled day off of work. Daniley worked on Monday, August 7, but had to leave early due to pain. Daniley saw a doctor on August 8, but returned to work on August 9.

19. Other than these days off related to her injury in August 2017, Daniley had taken minimal, if any, unpaid time off since December 2016 and, before that, minimal, if any, unpaid time off since August 2015.

20. On August 9, 2017, Daniley spoke with Flynn about some kind of short term leave to take care of her disability and to attend medical appointments. He did not object to such an arrangement and stated that he would speak to Human Resources about the situation.

21. However, Daniley was terminated on August 10, 2017 during a meeting in the office of de los Reyes. During that meeting, at least Human Resources Manager Lindsey Morrison, Regional Manager Morgan Neff, and Chief Operating Officer Ashley Korner were on the phone.

22. During that meeting, Carr's agents ignored Daniley's request for a medical leave and also ignored Daniley's explaining that she had taken several days off in the last couple of weeks solely due to her on-the-job injury. Instead, the representatives of Carr who were on that phone call focused on termination, claiming that Daniley had used too much unpaid time off and that unpaid time off was not a benefit which the company offered.

## CAUSES OF ACTION

### CLAIM AGAINST CARR
(Discrimination and Retaliation)

23. Plaintiff repeats and re-alleges each and every allegation above as though more fully set forth herein.

24. Based on the foregoing, Daniley was subjected to discrimination and retaliation based on her disabilities and her protected activities, including but not limited, seeking reasonable accommodation (in the form of a medical leave). Defendants violated the Americans with Disabilities Act of 1990, as amended, including the 2008 amendments; New York State Human Rights Law, as amended; New York City Human Rights Law, as amended, and all other applicable federal, state and local laws and regulations, that can be inferred from the facts set forth herein.

25. Because of Carr's discriminatory actions against Plaintiff, Plaintiff has suffered a loss of earnings and benefits, future earnings and benefits, great pain, mental anguish and physical injury. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

WHEREFORE, Plaintiff demands judgment against Defendant in the form of and/or for compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, interest, injunctive relief, and any other damages permitted by law. Plaintiff also demands judgment against Defendant for each cause action and for all applicable and permissible damages, in an amount to be assessed at the time of trial. Plaintiff further seeks injunctive relief, including but not limited to, the clearing of her personnel file of any wrongful disciplinary actions, immediate reinstatement, and a permanent injunction enjoining Defendant and its agents from any further actions abridging Plaintiff's rights. Plaintiff further demands all attorneys' fees, disbursements and other costs and all further relief, equitable or otherwise, to which Plaintiff is entitled and/or which the court deems just and proper.

Dated: Brooklyn, New York
      January 22, 2019

                                    Law Office of Matthew S. Porges
                                    *Attorney for Plaintiff*
                                    641 President Street, Suite 205
                                    Brooklyn, New York 11215
                                    mspesq@mspesq.com
                                    (718) 673-2578 (Phone)

                                    _____
                                    MATTHEW S. PORGES (MP-5286)

# EXHIBIT A

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Alisa Daniley<br>115-69 222 Street<br>Cambria Hts, NY 11411 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2018-00072 | **Philip Reo,**<br>**Investigator** | (212) 336-3772 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)     *Kevin J. Berry,*<br>    District Director     10/25/18 *(Date Mailed)*

cc:

CARR WORKPLACES<br>
200 Park Avenue, Suite 1700<br>
New York, NY 10166